IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PIG BOYS, INC., a Utah corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALL STAR CATERING LLC, a New Mexico limited liability company, *et al.*,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:11-cv-78 CW |

Now before the court is a motion to dismiss by Defendants for lack of personal jurisdiction and improper venue, as well as an amended motion seeking the same relief. For the reasons discussed below, the motion and amended motion are DENIED.[1]

**BACKGROUND**

The following factual recitation is primarily based on the allegations the complaint filed by Plaintiff Pig Boys, Inc. ("Pig Boys"), which Defendants did not dispute in their briefing on these motions. The court also looked to affidavits attached to the briefing.

In 2006, Pig Boys was involved in a lawsuit against Defendant Richard Firkins

---

[1] Because oral argument will not assist in resolving this motion, the court will rule on the papers. *See* DUCivR 7-1(f).

-1-

("Richard") and others in Utah state court. That litigation involved, *inter alia*, a dispute over who held title to a semi-truck and kitchen trailer. On June 6, 2006, the state court judge in that action ordered that the parties should not disburse property. At the conclusion of the trial in that action, Pig Boys won a judgment of over $125,000 against Richard and others. The judgment against Richard was affirmed by the Utah Supreme Court in 2009.

After the judgment was affirmed, Pig Boys attempted to collect on it by registering the judgment in New Mexico. Pig Boys also sought to execute on Richard's property there, including a semi-truck and kitchen trailer. During that process, Defendant All Star Catering, LLC ("All Star") sought a temporary restraining order against Pig Boys. Attached to that motion was an affidavit by Defendant Nicholas Firkins ("Nicholas"), Richard's son. In that affidavit, Nicholas asserted that he owned 98% of All Star. New Mexico records indicate that Richard and Nicholas were the organizers of All Star and that it was organized in March 2008. Nicholas further asserted in his affidavit that in February 2008, he had purchased all of All Star's company assets, including trucks and mobile kitchens. The date of that sale from Richard to Nicholas was two weeks before the trial in the Utah action. Pig Boys does not allege that the transfer of assets or formation of All Star happened in Utah.

In 2011, Plaintiff initiated this action, invoking diversity jurisdiction. From the record as it stands, the court has determined that Pig Boys is a Utah corporation, Richard is a California citizen, Nicholas is a New Mexico citizen, and All Star is owned by Richard and Nicholas, making All Star a citizen of California and New Mexico. The amount in controversy exceeds $75,000. Accordingly, this court has subject matter jurisdiction over this matter.

The complaint asserts two causes of action against Defendants: Utah state fraudulent transfer and conspiracy to defraud. As mentioned, Defendants have moved to dismiss based on lack of personal jurisdiction and improper venue.

## ANALYSIS

### I. Utah has Specific Jurisdiction Over Each Defendant

Defendants contend that they are not subject to personal jurisdiction in a Utah court and that this case should be dismissed on that basis. Richard states that he is a California citizen whose contacts with Utah have been quite limited. Nicholas states that he is a New Mexico citizen, who has traveled to Utah only once as a child. Richard further states that All Star has not operated in Utah for many years, and its prior operations here were limited.

"Where the district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008).

As recently explained by the Tenth Circuit:

> "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir.2010). Utah's long-arm statute "authorizes jurisdiction to the full extent of the federal constitution." *Id.*; *see* Utah Code Ann. § 78B–3–201(3); *see also Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999) (stating that the "Utah long-arm statute must be extended to the fullest extent allowed by due process of law"). Consequently, the panel "need not conduct a statutory analysis apart from the due process analysis." *Emp'rs Mut. Cas.*, 618 F.3d at 1159.

> "The due process analysis consists of two steps." *Id.* "First, we consider whether the

defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court there." *Id.* (internal quotation marks omitted). "This minimum-contacts standard may be satisfied by showing general or specific jurisdiction." *Id.* "Second, if the defendant has the minimum contacts with the forum state, we determine whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted). "This analysis is fact specific." *Id.*

*ClearOne Comm'ns v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011).

The court will assume for the purposes of this motion that none of the Defendants have engaged in sufficient contacts to subject them to general jurisdiction in Utah, although a plausible argument could be made that Richard did have such contacts. On the other hand, the court concludes that specific jurisdiction in Utah is present for each of the Defendants.

Pig Boys has alleged that Richard had been ordered by the court in Utah not to transfer his assets and that the same court awarded a judgment against him. Richard does not dispute these facts. Moreover, Pig Boys asserts that Richard formed All Star with Nicholas and that Richard sold his assets to Nicholas in circumstances that allow an inference of a concerted effort by all three to improperly shield Richard's assets from Pig Boys. These allegations have made a *prima facie* case for specific personal jurisdiction over all three Defendants.

First, each Defendant purposely took actions that directly affected Utah, *i.e.* attempting to deny a Utah company of its judgment and flouting an order issued by a Utah court. On these facts, each Defendant could reasonably expect to be haled to court in Utah based on their actions, even if all of the activities that made up the transfer happened in New Mexico and California.

Moreover, it does not offend traditional notions of fair play and traditional justice to bring Defendants to Utah. In making this conclusion the court considered five factors: (1) the burden

on Defendants in coming to Utah (2) Utah's interests as the forum state, (3) Pig Boys' interest in obtaining relief, (4) efficiency in the interstate judicial system, and (5) the states' shard interest in advancing fundamental substantive policies. *See Asahi Metal Indus. Co. v. Superior Ct. of Ca., Solano County,* 480 U.S. 102, 113 (1987). Defendants have not argued that proceeding in Utah would present any extraordinary burden on them. Utah has an interest in enforcing its judgment and making sure that its citizens are made whole. Pig Boys has a significant interest in the outcome of this suit. In terms of efficiency, it is not efficient for Pig Boys to have to chase Defendants to New Mexico or California in these circumstances. Finally, the states share an interest in enforcing statutes that allow prevailing parties in state actions to efficiently collect on their judgment and avoid fraudulent transfers aimed at frustrating that goal.

The court notes that courts facing similar situations have come to the same conclusion as here. *See*, *e.g.*, *Fifth Third Bank v. Gentile*, No. 1:08 CV 52, 2008 WL 2390780, \*7 (N.D. Ohio June 9, 2008) (fraudulent transfer held to be a legitimate basis in one state even though transfer occurred in another state) and *Momax, LLC v. TRC Nutritional Labs., Inc.,* No. 4:07-CV-432-A, 2007 WL 2332554, \*\* 2-3 (N.D. Tex. Aug. 15, 2007) (same).

## II.     Venue is Proper in Utah

Defendants argue that because none of the events making up the alleged fraudulent transfer or conspiracy happened in Utah, Utah is not the proper venue. This argument does not prevail. As recognized by the parties, venue in diversity actions is governed by 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any

defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Pig Boys contends that venue is proper on § 1391(a)(2) or (3). Venue does not lie here under § 1391(a)(3) because there is at lease one other district in which this action may be brought: New Mexico.

On the other hand, deciding whether venue under § 1391(a)(2) is appropriate in this case requires more analysis. Venue may be proper in more than one district under § 1391(a)(2). *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165- 66 (10th Cir. 2010). In analyzing whether venue under § 1391(a)(2) is proper, court conduct a "two-part analysis." *Id.* at 11166. "First, we examine the nature of the plaintiff's claims and the acts or omissions underlying those claims." *Id.* (citations omitted). "Second, we determine whether substantial 'events material to those claims occurred' in the forum district." *Id.* (footnote and citations omitted).

Here, Pig Boys' fraudulent transfer claim is premised on an alleged asset transfer of assets from Richard to All Star and Nicholas. Pig Boys' conspiracy to defraud claim alleges that Defendants agreed to undertake the transfer of assets to defraud Pig Boys out of its judgment. Pig Boys does not allege that the transfer took place in Utah, nor does it allege that the Defendants made any agreement to defraud in Utah. Pig Boys argues that the underlying action in Utah state court that resulted in the judgment that Defendants are allegedly avoiding is a substantial event material to its fraud claims.

As explained by the Tenth Circuit:

> The substantiality requirement is satisfied upon a showing of "acts and omissions that have a close nexus" to the alleged claims. *Jenkins Brick Co.* [*v. Bremer*], 321 F.3d [1366] at 1372; *Uffner* [*v. La Reunion Francaise, S.A.*], 244 F.3d [38] at 42 ("We look ... not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim."); *see also* 17 James Wm. Moore et al., Moore's Federal Practice § 110.04[1] (3d ed.2010) (stating that, when engaging in the substantiality analysis, courts "ought not focus solely on the matters that gave rise to the filing of the action, but rather should look at the entire progression of the underlying claim").

*Id.*

The court agrees with Pig Boys. It is the Utah state action and court orders that allegedly gave rise to the transfer of assets involved in this case. In this way, while the transfer did not happen in Utah, the events surrounding the transfer nonetheless have a close nexus to Utah. The district court in *Momax* came to a similar conclusion on venue in a similar fraudulent transfer case. *See Momax*, 2007 WL 2332554 at *3.

## CONCLUSION AND ORDER

For the foregoing reasons, the court DENIES Defendants' motions to dismiss for lack of personal jurisdiction and improper venue. (Dkt. Nos. 23 & 26.)

DATED this 11th day of October, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge
